**DUPLICATE**



**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>v.<br><br>DARYL M. PAYTON, and<br>BENJAMIN DURANT, III,<br><br>                Defendants. | Civil Action No. 14-cv-04644-JSR<br><br>ECF CASE<br><br>LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE IN CIVIL AND COMMERICAL MATTERS |

FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK TO THE JUDICIAL AUTHORITY IN THE UNITED KINGDOM, GREETINGS:

The United States District Court for the Southern District of New York, presents its compliments to the Senior Master of the High Court (Queen's Bench Division) and requests international judicial assistance to obtain evidence to be used in a civil action entitled *Securities and Exchange Commission v. Daryl M. Payton and Benjamin Durant, III,* 14-cv-04644-JSR (the "Action").

This request is made pursuant to, and in conformity with the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to which both the United States and the United Kingdom are a party.

The District Court considers that the evidence sought is directly relevant to the issues in dispute and not discovery within the meaning of Article 23 of the Hague Evidence Convention, that is, discovery intended to lead to relevant evidence for trial. It is expected that the trial in this matter will begin on September 21, 2015.

This proceeding involves an action brought by the United States Securities and Exchange Commission ("Plaintiff" or "Commission") for insider trading by two securities industry professionals, defendants Mr. Daryl M. Payton and Mr. Benjamin Durant, III (collectively "Defendants"), in the securities of SPSS, Inc. ("SPSS"). The purpose of the Letter of Request is to obtain deposition testimony for use at trial from Mr. Michael Dallas, a non-party witness. Plaintiff alleges that in late May 2009, Mr. Trent Martin, an equities salesman at a registered broker-dealer, learned material, nonpublic information regarding International Business Machines Corporation's ("IBM") 2009 Acquisition of SPSS (the "SPSS Acquisition") from Mr. Dallas, then an associate at a New York law firm (the "Law Firm") who worked on the acquisition. Plaintiff alleges that, in breach of a duty of trust or confidence, Mr. Martin misappropriated the information about the SPSS Acquisition from Mr. Dallas, purchased SPSS

securities on the basis of that information, and tipped that information to his friend and roommate, Mr. Thomas Conradt. Mr. Conradt tipped defendants Mr. Payton and Mr. Durant, who then violated the securities laws by using this information to trade SPSS securities in anticipation of the SPSS Acquisition. Accordingly, Mr. Dallas has personal knowledge regarding the circumstances underlying his possession of the inside information, his friendship and knowledge of Mr. Martin, and his history with Mr. Martin of sharing, and maintaining, both personal and professional confidences. He further can testify as to whether, in the context of this relationship, he confided to Mr. Martin material, nonpublic information concerning the SPSS Acquisition, and whether Mr. Martin deceived him in using that information to trade for his own account and in tipping Mr. Conradt.

It has been demonstrated to us that justice cannot completely be done amongst the parties without the testimony of Mr. Dallas, a New Zealand citizen who resides within your jurisdiction in London. In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), the undersigned applicant has the honor to submit the following Request.

This Court requests the assistance of an appropriate English judicial officer to compel the appearance of Mr. Dallas to give evidence on the subject matters described in this Letter of Request.

It is requested that the appropriate judicial officer of England and Wales issue such orders as are necessary to implement this Request for Mr. Dallas to appear before an examiner or other appropriate judicial authority in England and Wales to take his oral sworn testimony at deposition in conformity with the procedures of the U.S. Federal Rules of Civil Procedure or such other procedures as are acceptable to you. The testimony of the witness described herein is material to certain issues now pending in the Action and Plaintiff has been informed by Mr. Dallas's counsel that he is not willing to give testimony voluntarily in the United States of America.

This Court is authorized by Title 28, United States Code, sections 1781 and 1782 to extend similar assistance on request of the judicial authorities of England and Wales.

The United States District Court for the Southern District of New York, through the offices of the representatives of the Commission, is prepared to reimburse your court and/or office for all costs incurred in executing the instant Request and the assurance of its highest consideration.

| | |
|---|---|
| 1.   SENDER: | The Honorable Jed S. Rakoff<br>United States District Court Judge<br>United States District Court for the<br>Southern District of New York<br>Room 1340<br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007<br>United States of America |

2.    CENTRAL AUTHORITY OF THE REQUEST STATE

   Senior Master
   Queen's Bench Division of the High Court
   For the attention of the Foreign Process Section
   Room E16
   Royal Courts of Justice
   Strand
   London, WC2A 2LL
   United Kingdom

3.    PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED

   *Plaintiff's Legal Representative in the UK:*

   Karen Denny
   Nabarro LLP
   125 London Wall
   London EC2Y 5AL
   United Kingdom
   Tel. +44 (0) 20 7524 6470
   Fax. +44 (0) 20 7524 6524
   k.denny@nabarro.com

   *On behalf of:*

   The Honorable Jed S. Rakoff
   United States District Court Judge
   United States District Court for the
   Southern District of New York
   Room 1340
   United States Courthouse
   500 Pearl Street
   New York, NY 10007
   United States of America

## II.

4.    IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

| | | | |
|---|---|---|---|
| 5. | (a) | REQUESTING JUDICIAL AUTHORITY (ARTICLE 3(A)) | The Honorable Jed S. Rakoff<br>United States District Court Judge<br>United States District Court for the Southern District of New York<br>Room 1340<br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007<br>United States of America |
| | (b) | TO THE COMPETENT AUTHORITY OF THE UNITED KINGDOM (ARTICLE 3(a)) | Senior Master<br>Queen's Bench Division of the High Court<br>For the attention of the Foreign Process Section<br>Room E16<br>Royal Court of Justice<br>Strand<br>London, WC2A 2LL<br>United Kingdom |
| 6. | | NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES: | |
| | (a) | Plaintiff | U.S. Securities and Exchange Commission, Plaintiff<br><br>*Represented in the U.S. by:*<br>David L. Axelrod<br>Catherine E. Pappas<br>A. Kristina Littman<br>Securities and Exchange Commission<br>One Penn Center<br>1617 JFK Blvd, Suite 520<br>Philadelphia, PA 19103<br>Tel. (215) 597-3100<br>littmanak@sec.gov<br><br>*Represented in the U.K. (for the purposes of this Letter of Request) by:*<br>Karen Denny<br>Nabarro LLP<br>125 London Wall<br>London EC2Y 5AL<br>United Kingdom<br>Tel. +44 (0) 20 7524 6470<br>Fax +44 (0) 20 7524 6524<br>k.denny@nabarro.com |

(b) Defendants

<u>Defendant Daryl Payton</u>
Matthew Fishbein
Rushmi Bhaskaran
Debevoise & Plimpton LLP
555 13th Street, N.W.
Suite 1100 East
Washington, D.C. 20004
Tel. (202) 383-8036
mfishbein@debevoise.com
rbhaskaran@debevoise.com

Sean Hecker
Noam Greenspan
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Tel. (212) 909-6725
shecker@debevoise.com
nbgreenspan@debevoise.com

<u>Defendant Benjamin Durant, III</u>
Gregory Robert Morvillo
E. Scott Morvillo
Morvillo LLP
One World Financial Center
200 Liberty Street, 27th Floor
New York, NY 10281
Tel. (212) 796-6340
gmorvillo@morvillolaw.com
smorvillo@morvillolaw.com

7. NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS

### BACKGROUND

Plaintiff is the United States agency charged, *inter alia,* with the civil enforcement of the federal securities laws of the United States of America. In a civil lawsuit pending in the United States District Court for the Southern District of New York for which oral trial testimony is sought pursuant to this request, Plaintiff alleges that Defendants violated certain provisions of the United States' federal securities laws by trading in U.S. based securities on the basis of material, nonpublic information.

Defendants Mr. Payton and Mr. Durant are citizens of the United States and at all times relevant to the Action were employed as securities industry professionals with a broker-dealer registered with the Commission, in its New York City office (the "Broker").

Up until its acquisition by IBM in October 2009, SPSS, headquartered in Chicago, Illinois, was a provider of predictive analytics software that performed such functions as statistical analysis, data mining, performance measurement, and fraud detection. At all relevant times, SPSS's common stock was registered with the Commission under Exchange Act Section 12(b) [15 U.S.C. § 78l(b)] and its shares were publicly traded on the NASDAQ under the symbol "SPSS." At relevant times, SPSS options traded on the Chicago Board Options Exchange and the Philadelphia Stock Exchange. SPSS filed periodic reports, including Forms 10-K and 10-Q, pursuant to Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and related rules thereunder.

Plaintiff alleges that in late May 2009 Mr. Martin, then at a registered broker-dealer, learned material, nonpublic information regarding the pending SPSS Acquisition from his close friend, Mr. Dallas, an associate at the Law Firm who worked on the acquisition. Plaintiff alleges that Mr. Martin and Mr. Dallas had developed a pattern of sharing confidences with each other. Plaintiff further alleges that, in breach of a duty of trust or confidence, Mr. Martin misappropriated the information from Mr. Dallas, purchased SPSS securities on the basis of that information, and tipped that information to his friend and roommate, Mr. Conradt, who was a registered representative with the Broker. Mr. Conradt tipped several other registered representatives associated with the Broker, including defendants Mr. Payton and Mr. Durant, each of whom traded on the basis of that information. The trading of defendants Mr. Payton and Mr. Durant resulted in ill-gotten gains exceeding $290,000.

In an earlier civil action, *SEC v. Conradt, et al.,* Civ. Act. No. 12-cv-08676-JSR, the Commission pursued enforcement action against Mr. Martin, Mr. Conradt, and another individual for illegal insider trading and/or tipping. By consent judgments entered in late 2013 and early 2014, those actions have been resolved.

## CHRONOLOGY OF KEY EVENTS

In early April 2009, IBM informed SPSS that IBM had an interest in making an offer to purchase SPSS, culminating in an April 15, 2009 letter from IBM to SPSS setting forth a non-binding offer to purchase SPSS. On or about May 26, 2009, the Law Firm assigned Mr. Dallas to work on the SPSS Acquisition and he continued to work on that engagement through October 2, 2009. Upon being assigned to work on the SPSS Acquisition, Mr. Dallas learned the anticipated (per share) purchase price and the identity of the participants in the transaction, all of which he knew to be nonpublic information. He further knew that maintaining its confidentiality was important to the success of the ultimate transaction.

Plaintiff alleges that in late May 2009, Mr. Dallas met Mr. Martin for lunch and Mr. Dallas sought from Mr. Martin moral support, reassurance, and advice with respect to his new assignment. During the lunch, in the context of their history of sharing and maintaining confidences, Mr. Dallas revealed to Mr. Martin nonpublic information about the SPSS Acquisition, including the anticipated transaction price and the identities of the acquiring and target companies. Plaintiff alleges that he confided in Mr. Martin his fear that he did not have sufficient experience in M&A to be successful in his role as a member of the M&A team assigned to the SPSS Acquisition. He shared the details of the engagement in an attempt to communicate to Mr. Martin the magnitude and importance of his assignment. Mr. Dallas did not discuss this information with anyone outside of the Law Firm other than Mr. Martin.

According to Plaintiff's allegations, in breach of a duty of trust or confidence that he owed to Mr. Dallas, Mr. Martin misappropriated the disclosed information and placed trades in SPSS securities on June 3, 2009 and July 22, 2009. Also in breach of this duty to Mr. Dallas, prior to June 24, 2009, Mr. Martin tipped the information to his friend and roommate, Mr. Conradt.

On June 26, 2009, Mr. Conradt purchased SPSS securities on the basis of the tipped information. He further tipped colleagues at the Broker, including Defendants.

Plaintiff alleges that after Mr. Conradt told defendant Mr. Durant the Inside Information, Mr. Durant purchased SPSS securities, ultimately making more than $53,000 on these trades. On July 20, 2009 and July 22, 2009, Mr. Durant purchased 60 SPSS September call option contracts with strike prices of $40. At the time defendant Mr. Durant purchased these options, the price per share of SPSS stock was significantly less than the strike price, $33.73 and $34.38, respectively.

Plaintiff further alleges that after Mr. Conradt told defendant Mr. Payton the Inside Information, Mr. Payton purchased SPSS securities, ultimately making more than $247,000 on these trades. Between July 22, 2009 and July 24, 2009, Mr. Payton purchased 270 September and August SPSS call option contracts with strike prices of $40. These contracts also anticipated an increase in the price of SPSS securities. On July 22, 2009, the price per share of SPSS stock closed at $34.38. On July 24, 2009, the price

per share of SPSS stock closed at $35.10. To make these purchases, Mr. Payton liquidated his only IRA holding of any significant value.

At 7:31 a.m. on July 28, 2009, IBM and SPSS issued a joint press release announcing to the public the proposed acquisition, in which IBM would acquire SPSS in an all cash transaction for approximately $1.2 billion or $50 per share (the "Announcement"). The acquisition was completed on October 2, 2009. On July 27, 2009, the last trading day prior to the Announcement, the closing price of SPSS stock was $35.09. On July 28, 2009, the day of the Announcement, SPSS's stock closed at $49.45 per share on heavy volume, an increase of 40.9% from the previous day's closing price.

After the Announcement, during August and September 2009, defendants Mr. Payton and Mr. Durant liquidated their SPSS holdings. Their trading resulted in ill-gotten gains exceeding $290,000.

Plaintiff alleges that Defendants traded in SPSS securities on the basis of material, nonpublic information about the SPSS Acquisition that was disclosed in breach of a duty of trust or confidence. In sum, they knew or should have known that the information about the SPSS Acquisition communicated to them by Mr. Conradt (which was communicated by Mr. Martin in breach of his duty of trust and confidence to Mr. Dallas) was conveyed in breach of a duty for a benefit, and Defendants breached that inherited duty when they traded on the basis of that information. As such, Plaintiff alleges that Defendants violated Section 10(b) of the Exchange Act [15 U.S.C. § 78(j)(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

Plaintiff seeks a judgment permanently enjoining Defendants from future violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78(j)(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; an order that Defendants disgorge ill-gotten gains received from the violative conduct and prejudgment interest thereon; and such other relief as the U.S. Court deems just and proper.

The Defendants' Answers

Although admitting Mr. Conradt to be the source of certain information they learned about SPSS, Defendants deny many of Plaintiff's allegations and/or deny knowledge or information sufficient as to form a belief as to the truth or falsity of those allegations, or state that the Amended Complaint contains conclusions of law to which no response is required.

This action was commenced on June 25, 2014, with the filing of a Complaint. A trial in this matter is currently scheduled to begin on September 21, 2015.

EVIDENCE TO BE OBTAINED

With respect to this request, the Commission is seeking to obtain testimonial evidence from Mr. Dallas in the United Kingdom to support its claim that Mr. Martin

misappropriated the information about the SPSS Acquisition from Mr. Dallas in breach of a duty of trust and confidence that he owed to Mr. Dallas. Mr. Dallas has previously provided statements to the Commission in the earlier civil action against Mr. Martin, Mr. Conradt and another individual (*SEC v Conradt, et al.*, Civ. Act. No. 12-cv-08676-JSR). However, those statements were not given in the current Action and Mr. Dallas has not been cross-examined on them and thus, those statements likely will not be admissible at the trial in this action. The requested testimony is necessary to establish the claims against Defendants.

| | | |
|---|---|---|
| 8. | EVIDENCE TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE PERFORMED | The taking of testimony for trial of Mr. Dallas. Mr. Dallas is not a defendant; he is a third-party witness in this matter. The Commission is not seeking any relief against Mr. Dallas. |

### III.

| | | |
|---|---|---|
| 9. | IDENTITY AND ADDRESS OF PERSON TO BE EXAMINED | Mr. Michael Dallas<br>65A Shirland Road<br>London W9 2EL<br>United Kingdom |

10. QUESTIONS TO BE PUT TO PERSONS TO BE EXAMINED OR STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THEY ARE TO BE EXAMINED

The subjects of the examination of Mr. Dallas will include:

(1) Mr. Dallas's educational background, employment history, experience and personal preparation for the deposition (insofar as it is relevant to the evidence sought/issues in dispute);

(2) Mr. Dallas's employment at the Law Firm in 2009 and the work he did there, the Law Firm's engagement on the SPSS Acquisition, his assignment to that engagement and his access to material, nonpublic information concerning the SPSS Acquisition;

(3) Mr. Dallas's experience in working on mergers and acquisitions prior to his assignment to that engagement, and the safeguards in place at the Law Firm to protect the information and his knowledge of the confidential nature of the information and instances of disclosure of the same;

(4) Mr. Dallas's relationship with Mr. Martin, beginning at their introduction and continuing through his disclosure to Mr. Martin of material, nonpublic information about the SPSS Acquisition, including the closeness of their

relationship, their knowledge of each other and their respective lives, their communications and other interactions

(5) The history of Mr. Dallas and Mr. Martin of sharing and maintaining personal and professional confidences;

(6) The disclosure, and the circumstances surrounding Mr. Dallas's disclosure of material, nonpublic information about the SPSS Acquisition to Mr. Martin, including the timing, location, details regarding the discussion; his reasons for and mental state during the disclosure; and his expectations with respect to Mr. Martin's use of the information;

(7) Mr. Dallas's disclosure of material, nonpublic information about the SPSS Acquisition to any person.

(8) Mr. Dallas's disclosure of material, nonpublic information regarding any stock to any person.

(9) Events and communications occurring, and the relationship between Mr. Martin and Mr. Dallas, after his disclosure of the material, nonpublic information about the SPSS Acquisition to Mr. Martin, including any additional conversations about the SPSS Acquisition and any additional disclosures;

(10) Communications between Mr. Martin and Mr. Dallas regarding Mr. Martin's trading on the basis of the information and Mr. Martin's tipping of the information, including subsequent apologies;

(11) Communications between Mr. Dallas and Mr. Martin since Mr. Dallas left the United States;

(12) The SEC proceedings and other inquiries and investigations into the 2009 trading of Mr. Martin, Mr. Conradt, Defendants, and others, including Mr. Dallas's response to questions asked by the Law Firm, Mr. Dallas's response to questions asked by the Commission; and statements given to both civil and criminal authorities;

(13) Discussions between Mr. Martin and Mr. Dallas relating to the SEC and other inquiries and investigations into the 2009 trading in SPSS securities by Mr. Martin, Mr. Conradt, Defendants, and others;

(14) Mr. Dallas' knowledge of Mr. Martin's relationship with Mr. Conradt and their relationship with defendants Mr. Payton and Mr. Durant;

(15) Any knowledge Mr .Dallas had of, or contact Mr. Dallas had with Mr. Conradt, Mr. Weishaus, Mr. Payton or Mr. Durant.

| | | |
|---|---|---|
| 11. | ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED | Mr. Dallas should be examined under oath or affirmation, or in the alternative, should be instructed of the consequences for the giving of untruthful and false answers under the laws of England and Wales. |

12. SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED

The District Court respectfully requests, with respect to the oral testimony being sought:

(1) that the High Court appoint an Examiner for the purpose of compelling oral testimony from the witness for use at trial;

(2) that the parties' representatives or their designees, a court reporter and a videographer be permitted to be present during the examination; that their representatives or designees be permitted to examine and cross-examine the witness directly; and that a court reporter and videographer be permitted to make a verbatim record of the proceedings;

(3) in connection with the taking of testimony of the witness, Plaintiff has permission to refer the witness to documents previously produced or available in the U.S. proceedings;

(4) that the testimony be taken at the office of Nabarro LLP, 125 London Wall, London, EC2Y 5AL, on 10 August 2015 or at such other place, date or times as ordered by an appropriate judicial officer of England and Wales and/or as otherwise scheduled by Plaintiff's counsel and/or as otherwise agreed to by Mr. Dallas and Plaintiff's counsel; and

| | | |
|---|---|---|
| 13. | REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST | Please notify the following counsel regarding the time and place for the execution of the request: |

> David L. Axelrod
> Catherine E. Pappas
> A. Kristina Littman
> Securities and Exchange Commission
> One Penn Center
> 1617 JFK Blvd, Suite 520
> Philadelphia, PA 19103
> Tel. (215) 597-3100
> littmanak@sec.gov

Karen Denny
Nabarro LLP
125 London Wall
London EC2Y 5AL
United Kingdom
Tel. +44 (0) 20 7524 6470
Fax +44 (0) 20 7524 6524
k.denny@nabarro.com

Matthew Fishbein
Rushmi Bhaskaran
Debevoise & Plimpton LLP
555 13th Street, N.W.
Suite 1100 East
Washington, D.C. 20004
Tel. (202) 383-8036
mfishbein@debevoise.com
rbhaskaran@debevoise.com

Sean Hecker
Noam Greenspan
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Tel. (212) 909-6725
shecker@debevoise.com
nbgreenspan@debevoise.com

Gregory Robert Morvillo
E. Scott Morvillo
Morvillo LLP
One World Financial Center
200 Liberty Street
New York, NY 10281
Tel. (212) 796-6340
gmorvillo@morvillolaw.com
smorvillo@morvillolaw.com

It is requested that testimony be taken at such place, date, and time as ordered by the Senior Master and/or as otherwise scheduled and agreed to by the representatives of Mr. Dallas and the respective representatives of the parties. At present, testimony is sought on 10 August 2015 and Plaintiff understands from Mr. Dallas' counsel that he is available to give testimony on that date.

| | | |
|---|---|---|
| 14. | REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST | None. |
| 15. | SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE | All claims of privilege or duty to refuse to give evidence under the laws of the United States or the laws of England and Wales shall be governed by Section 3 of the Evidence (Proceedings in Other Jurisdictions) Act 1975. |
| | | For the avoidance of doubt, under the laws of the United States, a witness has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice. |
| | | Parties also enjoy limited privileges on other grounds not relevant here such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent. |
| | | U.S. law also recognizes a privilege against criminal self-incrimination. |
| | | Outside the strict area of privilege, certain limited immunities are available that may place restrictions on giving of evidence, such as the limited protection of documents created as the work-product of attorneys during or in anticipation of litigation. |
| 16. | FEES AND COSTS (ARTICLE 14) | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by the Commission. |
| 17. | DATE OF REQUEST | _July 2_, 2015 |

| | | |
|---|---|---|
| 18. | SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY | UNITED STATES OF AMERICA United States District Court for the Southern District of New York |

[SEAL]

By: _____
The Honorable Jed S. Rakoff
United States District Court Judge
United States District Court for the
Southern District of New York
Room 1340
United States Courthouse
500 Pearl Street
New York, NY 10007
United States of America